1 JASON E. GUERRA, Bar No. 249278
   E-Mail: jguerra@guerra-law.com
2 GUERRA LAW
   A Professional Law Corporation
3 3233 E. Broadway
   Long Beach, CA 90803
4 Telephone:   (562) 472-2350
   Facsimile:   (562) 394-9210
5
   Attorneys for Plaintiff,
6 Brian Sizemore

FILED
2012 FEB 14  PM 2: 48
CLERK U.S. DISTRICT COURT
CENTRAL DIST. CALIF.
LOS ANGELES
BY

7                    **UNITED STATES DISTRICT COURT**

8        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVSION**

9  BRIAN SIZEMORE, an individual,

10

11              Plaintiff,

12

13    vs.

14

15  METROPOLITAN INTERPRETERS
    & TRANSLATORS, INC., a business
16  entity of unknown form, MONICA
    LEU, an individual, and DOES 1
17  through 100, inclusive,

18

19              Defendants.

CASE NO.: CV12-436 DSF (JCGx)
[Assigned to the Honorable Dale S.
Fischer, Courtroom 840]

**FIRST AMENDED COMPLAINT
FOR DAMAGES:**

**(1) DISCRIMINATION AND
    RETALIATION UNDER TITLE
    VII OF THE CIVIL RIGHTS
    ACT OF 1964;
(2) DISCRIMINATION AND
    RETALIATION UNDER
    CALIFORNIA'S FAIR
    EMPLOYMENT& HOUSING
    ACT;
(3) DISCRIMINATION UNDER
    THE AMERICAN WITH
    DISABILITIES ACT OF 1990;
(4) DISCRIMINATION UNDER
    THE AGE DISCRIMINATION IN
    EMPLOYMENT ACT;
(5) DISCRIMINATION IN
    VIOLATION OF THE
    REHABILITATION ACT OF
    1973 [29 _U.S.C._ § 794];
(6) WRONGFUL TERMINATION
    IN VIOLATION OF PUBLIC
    POLICY;
(7) BREACH OF IMPLIED
    COVENANT OF GOOD FAITH
    & FAIR DEALING;
(8) UNFAIR BUSINESS
    PRACTICES;
(9) INTENTIONAL/ INFLICTION
    OF EMOTIONAL DISTRESS; &
(10) DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

20
21
22
23
24
25
26
27
28

GUERRA LAW
A Proessional Law Corporation

FIRST AMENDED COMPLAINT

1

Plaintiff Brian Sizemore ("Plaintiff") alleges as follows:

## PARTIES

1.     Plaintiff is, and at all relevant times alleged was, an individual residing in the County of Los Angeles, State of California. Commencing in or about August 2011, Plaintiff was forced to relocate and has since then resided in Charlotte, North Carolina as a direct and proximate result of Defendants' conduct alleged herein.

2.     Plaintiff is informed and believes, and on that basis alleges, Defendant Metropolitan Interpreters & Translators, Inc., ("Metropolitan"), is, and at all relevant times alleged was, a business entity of unknown form with its principal place of business in the County of Los Angeles, State of California. At all relevant times alleged, Plaintiff was employed by Metropolitan, a federal contractor of interpreter and translation services.

3.     Plaintiff is informed and believes, and on that basis alleges, Defendant Monica Leu ("Leu"), is, and at all relevant times alleged was, an individual residing in the County of Los Angeles, State of California. Plaintiff is further informed and believes, and on that basis alleges, Leu is a managing agent at Metropolitan under applicable law as a result of her substantial independent authority and judgment in making decisions that determine corporate policy.

4.     Plaintiff does not know the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and, therefore, Plaintiff sues those Defendants by fictitious names. Plaintiff reserves the right to amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is further informed and believes, and on that basis alleges, each of these fictitiously-named Defendants was authorized by each of the other Defendants to act, and did act, as the agent or alter ego of each of the other Defendants. Plaintiff alleges each of these fictitiously-named Defendants was responsible in some capacity of, and as an agent or alter ego for, each of the other Defendants and thereby causing Plaintiff's damages as alleged herein.

GUERRA LAW
A Proessional Law Corporation

2

FIRST AMENDED COMPLAINT

5. Plaintiff is informed and believes, and on that basis alleges, Defendants Metropolitan, Leu, and the DOES defendants (collectively, "defendants") were, and are, at all relevant times alleged the agents, authorized representatives, joint ventures, partners, and/or alter egos of one another and, in doing the acts alleged herein, did so jointly and for a common purpose with the course and scope of his/her/its authority as an agent, representative, joint venture, partner, or alter ego with the knowledge, consent, permissions, and ratification of each other. Plaintiff is further informed and believes, and on that basis alleges, the acts alleged in this complaint were in furtherance of a conspiracy among the defendants, and all actions were taken pursuant to that common design. Defendants furthered the conspiracy by, among other things, encouraging the acts of one another.

6. Plaintiff is informed and believes, and on that basis alleges, at all relevant times, there existed a unity of interest and ownership between the Defendants such that any individuality and separateness between the Defendants never existed or has ceased to exist, and that Defendants Metropolitan, Leu, and the Doe Defendants are the alter egos of each other. Plaintiff is further informed and believes, and on that basis alleges, at all relevant times, Defendants conceived, intended, and used each of the other Defendants as a device for purposes of substituting financially for the other and/or avoiding liability under state and federal laws. Plaintiff is further informed and believes, and on that basis alleges, at all relevant times, Defendants held themselves out to Plaintiff and others as separately liable for debts of each Defendant, including but not limited to liabilities to Plaintiff. Plaintiff is further informed and believes, and on that basis alleges, Defendants, and each of them, used assets of each of the other Defendants for their own purposes as though it were their own and caused assets to be transferred between them or to entities they controlled. Plaintiff is further informed and believes, and on that basis alleges, adherences to the fiction of separate existence of Defendants, and each of them, as an entity distinct from the other Defendants would permit an abuse of the corporate privilege,

GUERRA LAW
A Proessional Law Corporation

3

1  would sanction fraud, and promote injustice, as well as facilitate Defendants making

2  an unfair profit from the unlawful deprivation of the rights and privileges afforded

3  to employees under State and federal laws.

4  ### GENERAL ALLEGATIONS

5  7.  At all relevant times, Plaintiff is, and was, a gay African-American male

6  over the age of 40 with a disability, the human immunodeficiency virus ("HIV").

7  8.  At all relevant times, Plaintiff possessed nearly two decades of expertise in

8  electronic surveillance and foreign language and translation services support for

9  federal agencies, including the Department of Justice, Homeland Security, and local

10  law enforcement agencies. At all relevant times, Plaintiff is, and was, highly skilled

11  in the translation of Spanish dialects commonly spoken in the Americas, including

12  the Caribbean, Mexico, Central and South America.

13  9.  In or about February 2007, Plaintiff commenced employment with

14  Metropolitan as a Spanish Monitor/Linguist Supervisor.  Plaintiff is informed and

15  believes, and on that basis alleges, at all relevant times Metropolitan has maintained

16  a monopoly, or substantial market presence, with respect to obtaining federal

17  contracts and providing interpreter and translation services for federal agencies

18  throughout Southern California, Nevada, and other jurisdictions across the United

19  States.  Plaintiff is informed and believes, and on that basis alleges, at all relevant

20  times Metropolitan maintained a workforce of approximately 225-translators and

21  interpreters of which approximately-20 are supervisors who are Latina/o with the

22  sole exception of Plaintiff and another individual.

23  10.  In or about April 2010, Plaintiff informed Metropolitan about his

24  diagnosis with HIV.  In or about October 2010, Plaintiff requested an

25  accommodation to his schedule in terms of increased day shifts to the extent

26  possible to balance the side-effects associated with his medication for his disability.

27  In or about February 2011, Plaintiff submitted a request in writing due to repeated

28  pressure from Leu.

GUERRA LAW
A Proessional Law Corporation

4

FIRST AMENDED COMPLAINT

11. On or about October 20, 2010, Leu informed Plaintiff he was not a "team player" for declining to voluntarily forgo benefits associated with a paid Holiday even though he was entitled to the same under Metropolitan's employee handbook.

12. In or about January 2011, Plaintiff was chastised by Leu for purportedly lacking "respect" in communicating with Leu related to a managerial dispute even though at all relevant times Plaintiff followed his duties, responsibilities, and company protocol without exception. Plaintiff is informed and believes, and on that basis alleges, Leu began to unfairly target Plaintiff for purported personality concerns, even though there were no substantive issues associated with his performance. Plaintiff is further informed and believes, and on that basis alleges, Leu began to unfairly target Plaintiff because she possessed a discriminatory sentiment against gays and lesbians and persons of African-American descent and/or for Plaintiff's refusal to forgo a paid holiday.

13. On or about June 18, 2011, Plaintiff, who was called into work early, arrived to the office to find the air conditioning system was suffering from technical malfunctions which created unreasonably severe and intolerable working conditions for all employees. After numerous complaints, Plaintiff followed policy and protocol and sent a report to the Special Agent on duty, who subsequently ordered the closure of the facility due to the health and safety concerns. Prior to the closure of the facility, Plaintiff received a telephone call from Leu to discuss the incident upon which he conveyed his strict adherence to protocol, and advised Leu of an inquiry from employees regarding the payment of wages given the early closure of the facility.

14. On or about June 21, 2011, Plaintiff was summoned into a meeting with Leu, which was preceded by a warning from another employee that Leu "has it in for you," to discuss the events of June 18th. Leu interrogated Plaintiff in a closet-sized office without windows in a combative, hostile, and inappropriate manner. Leu did so in a space with an uncomfortable room temperature, which posed a

GUERRA LAW
A Proessional Law Corporation

FIRST AMENDED COMPLAINT

1  potential health risk to Plaintiff.  Leu summarily suspended Plaintiff, effective

2  immediately, for "disrespect," for using an inappropriate "tone," and "hanging up"

3  despite the fact these assertions are unfounded.  Plaintiff was escorted out of the

4  premises in front of co-workers so as to embarrass, ridicule and harass him.

5      15.  On or about June 22, 2011, Plaintiff informed Metropolitan's human

6  resources department about his suspension since Leu's conduct was capricious,

7  presumptuous, and discriminatory.  Plaintiff was subsequently advised his

8  suspension would be extended a number of days subject to a continuing

9  investigation by Metropolitan.  Even though Plaintiff was offered an option to return

10  to work subject to a demotion, the following day said offer was withdrawn and he

11  was unilaterally terminated on grounds unrelated to the purported grounds

12  associated with his suspension.  Plaintiff is informed and believes, and on that basis

13  alleges, Metropolitan deliberately or negligently failed to conduct an adequate

14  investigation so as to perpetuate fraudulent business and employment practices.

15      16.  Plaintiff is informed and believes, and on that basis alleges, each

16  purported reasons given for his termination are merely pretext for defendants' overt

17  and covert discriminatory conduct.  Plaintiff is further informed and believes, and on

18  that basis alleges, he was discriminated against and wrongfully terminated as a

19  result of company policies and/or practices, or lack thereof, that caused disparate

20  treatment against Plaintiff and/or had a disparate impact against Plaintiff solely

21  because of his race (Black), color, sex (male), national origin (African), disability,

22  and age (over 40).  Plaintiff is further informed and believes, and on that basis

23  alleges, he was retaliated against for participating in protected activities, including

24  his request for reasonable accommodations associated with his disability and

25  complaints about the unfounded suspension and discriminatory treatment by Leu.

26      17.  Plaintiff is informed and believes, and on that basis alleges, Metropolitan

27  represents to consumers, prospective/actual employees, and third parties, including

28  government agencies, that it is committed to diversity, tolerant and accepting of

GUERRA LAW
A Proessional Law Corporation

6

FIRST AMENDED COMPLAINT

1  racialized minorities, gays and lesbians, those with disabilities, and otherwise

2  supports the gambit of rights afforded persons, including employees, under

3  California and Federal constitutions.   Plaintiff is further informed and believes, and

4  on that basis alleges, Metropolitan purports to actively seek, attract and maintain a

5  diverse workforce and specifically seeks services from historically underrepresented

6  vendors in order to perpetuate a façade and otherwise mislead the public, federal

7  agencies, vendors and/or employees when it is in fact not supportive of fostering

8  diversity and fair employment practices for gays and lesbians, African-Americans,

9  and Jehovah's Witnesses.

10      18.  In or about August 2011, Plaintiff was forced to relocate to Charlotte,

11  North Carolina due to his inability to find substitute employment and as a direct and

12  proximate result of defendants' unlawful conduct.   Plaintiff is further informed and

13  believes, and on that basis alleges, as a result of Defendants' acts and omissions,

14  whether intentional or unintentional, Plaintiff has been precluded from maintaining

15  or renewing requisite security clearances necessary to continue employment in the

16  field of electronic surveillance and foreign language and translation services.

17              **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

18      19.  On or about August 24, 2011, after Plaintiff filed a claim with the U.S.

19  Equal Employment Opportunity Commission ("EEOC"), the EEOC and California

20  Department of Fair Employment and Housing ("DFEH") issued a Right to Sue

21  Notices, respectively.  Copies of the referenced documents are attached as Exhibits

22  A and B, respectively, and incorporated by reference.

23

24

25

26  //

27  //

28  //

GUERRA LAW
A Proessional Law Corporation

7

FIRST AMENDED COMPLAINT

# FIRST CAUSE OF ACTION

## DISCRIMINATION AND RETALIATION UNDER TITLE VII OF THE

## CIVIL RIGHTS ACT OF 1964

### [42 U.S.C. § 2000e ET SEQ.]

### (Against Metropolitan)

20. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 19 as though fully set forth herein.

21. At all relevant times alleged herein, Plaintiff was employed by Metropolitan as a shift supervisor. At all relevant times, Plaintiff was an efficient, productive and stellar employee and was without a single substantive blemish on his employment record. At all relevant times, Plaintiff consistently followed all company policies and protocols in carrying out his duties and responsibilities and whenever possible went above and beyond.

22. Plaintiff is informed and believes, and on that basis alleges, the subject incident resulting in Plaintiff's termination was made as a result of unfounded and specious reasons improperly relied upon by defendants, and each of them, as a basis to discriminate against, and wrongfully terminate, Plaintiff. Plaintiff is further informed and believes, and on that basis alleges, the reasons asserted by each of the defendants, and each of them, were without any substance so as to render their independent and collective decisions in contravention of California and federal laws as alleged herein.

23. Plaintiff is informed and believes, and on that basis alleges, defendants discriminated, and wrongfully terminated, Plaintiff solely because of his membership in various protected classes, including but not limited to: his race (Black), color, sex (male), national origin (African), and age (over 40). Plaintiff is further informed and believes, and on that basis alleges, defendants further retaliated against Plaintiff for participating in protected activities, including but not limited to his health and safety rights associated with his previously-disclosed disability.

FIRST AMENDED COMPLAINT

GUERRA LAW
A Proessional Law Corporation

24.  As a direct and proximate result of Defendants', and each of them, unlawful conduct, Plaintiff has lost substantial benefits, including but not limited to back pay, front pay, health benefits, and other damages in an amount in excess of $750,000, the exact amount to be determined at trial according to proof.   Plaintiff is further entitled to an award of all statutory damages, the exact amount to be proven at trial according to proof.

25.  Defendants' conduct was undertaken with an intention to deprive Plaintiff of his property or legal rights and/or to cause injury, and was despicable conduct that subjected Plaintiff to unjust hardship in conscious disregard of his rights, so as to justify the imposition of exemplary and punitive damages against defendants.

## SECOND CAUSE OF ACTION

### DISCRIMINATION AND RETALIATION UNDER CALIFORNIA'S FAIR EMPLOYMENT& HOUSING ACT

### [*GOVERNMENT CODE* § 12900 ET SEQ. ]

### (Against Metropolitan)

26.  Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 27 as though fully set forth herein.

27.  As alleged previously, Plaintiff was employed at Metropolitan, and on information and belief, is and was at all relevant times the only gay African American shift supervisor in the entire company.

28.  As alleged previously, Plaintiff is informed and believes, and on that basis alleges, he was terminated solely due to his membership in various protected classes. Plaintiff is further informed and believes, and on that basis alleges, the reasons asserted by each of the defendants were without any substance so as to render their independent and collective decisions in contravention of California and federal laws.

29.  Plaintiff is informed and believes, and on that basis alleges, defendants

GUERRA LAW
A Proessional Law Corporation

FIRST AMENDED COMPLAINT

1  discriminated, and wrongfully terminated, Plaintiff because of his membership in

2  various protected classes, including but not limited to: his race (Black), color, sex

3  (male), sexual orientation, national origin (African), and age (over 40). Plaintiff is

4  further informed and believes, and on that basis alleges, defendants retaliated

5  against Plaintiff for participating in protected activities, including but not limited to

6  notifying them of his disability and requesting a reasonable accommodation.

7     30. As a direct and proximate result of Defendants', and each of them,

8  unlawful conduct, Plaintiff lost substantial benefits, including but not limited to

9  back pay, front pay, health benefits, and more, in an amount in excess of $750,000,

10  the exact amount to be determined at trial according to proof. Plaintiff is further

11  entitled to an award of all available statutory damages, the exact amount to be

12  proven at trial according to proof.

13     31. Defendants' conduct was undertaken with an intention to deprive

14  Plaintiff of his property or legal rights and/or to cause injury, and was despicable

15  conduct that subjected Plaintiff to unjust hardship in conscious disregard of his

16  rights, so as to justify the imposition of exemplary and punitive damages against

17  defendants.

18  ### THIRD CAUSE OF ACTION

19  ### DISCRIMINATION UNDER THE AMERICAN WITH DISABILITIES ACT

20  ### OF 1990, AS AMENDED

21  ### (Against Metropolitan)

22     32. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 31

23  as though fully set forth herein.

24     33. As alleged previously, Plaintiff was employed at Metropolitan as a shift

25  supervisor.

26     34. As alleged previously, Plaintiff is informed and believes, and on that

27  basis alleges, he was terminated solely due to his disability. Plaintiff is further

28  informed and believes, and on that basis alleges, the reasons asserted by each of the

GUERRA LAW
A Proessional Law Corporation

10

FIRST AMENDED COMPLAINT

1  defendants were without any substance so as to render their independent and

2  collective decisions in contravention of California and federal laws.

3      35.  Plaintiff is informed and believes, and on that basis alleges, defendants

4  discriminated, and wrongfully terminated, Plaintiff solely because of his disability.

5  Plaintiff is further informed and believes, and on that basis alleges, Plaintiff was

6  discriminated, and wrongfully terminated, because he requested an accommodation

7  notwithstanding it would not have impacted Metropolitan's business operations in

8  any appreciable manner.  Defendants' acts and omissions, including but not limited

9  to interrogating and harassing Plaintiff, among others, constitute impermissible and

10  unlawful conduct under applicable California and federal laws.

11      36.  As a direct and proximate result of Defendants', and each of them,

12  unlawful conduct, Plaintiff lost substantial benefits, including but not limited to

13  back pay, front pay, health benefits, in an amount in excess of $750,000, the exact

14  amount to be determined at trial according to proof.   Plaintiff is further entitled to

15  an award of all statutory damages, the exact amount to be proven at trial according

16  to proof.

17      37.  Defendants' conduct was undertaken with an intention to deprive

18  Plaintiff of his property or legal rights and/or to cause injury, and was despicable

19  conduct that subjected Plaintiff to unjust hardship in conscious disregard of his

20  rights, so as to justify the imposition of exemplary and punitive damages against

21  defendants.

22                    **FOURTH CAUSE OF ACTION**

23      **DISCRIMINATION UNDER THE AGE DISCRIMINATION**

24                     **IN EMPLOYMENT ACT**

25                    **[29 U.S.C. § 621 ET SEQ.]**

26                      **(Against Metropolitan)**

27      38.  Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 37

28  as though fully set forth herein.

11

FIRST AMENDED COMPLAINT

*GUERRA LAW*
*A Proessional Law Corporation*

39. As alleged previously, Plaintiff was employed at Metropolitan for a number of years as a shift supervisor.

40. As alleged previously, Plaintiff is informed and believes, and on that basis alleges, he was terminated solely due to his age. Plaintiff is further informed and believes, and on that basis alleges, the reasons asserted by each of the defendants were without any substance so as to render their independent and collective decisions in contravention of California and federal laws.

41. As a direct and proximate result of Defendants', and each of them, unlawful conduct, Plaintiff has lost substantial benefits, including but not limited to back pay, front pay, health benefits, in an amount in excess of $750,000, the exact amount to be determined at trial according to proof.

42. Plaintiff is further entitled to an award of any and all statutory damages, the exact amount to be proven at trial according to proof.

43. Defendants' conduct was undertaken with an intention to deprive Plaintiff of his property or legal rights and/or to cause injury, and was despicable conduct that subjected Plaintiff to unjust hardship in conscious disregard of his rights, so as to justify the imposition of exemplary and punitive damages against defendants.

## FIFTH CAUSE OF ACTION

### DISCRIMINATION IN VIOLATION OF THE

### REHABILITATION ACT OF 1973

### [29 U.S.C. § 794 ET SEQ.]

### (Against Metropolitan)

44. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43 as though fully set forth herein.

45. At all relevant times, Defendants provided interpreter and translation services to various federal agencies and are recipients of federal funding and financial assistance through contracts and other presently-unknown engagements.

GUERRA LAW
A Proessional Law Corporation

12

1  Plaintiff is informed and believes, and on that basis alleges, defendants are operating

2  in concert with other presently-unknown entities, who similarly receive federal

3  contracts. Defendants operate programs and engage in activities within the meaning

4  of 29 U.S.C. § 794(b).

5      46.    Plaintiff has a disability, or physical impairment, as defined under 29

6  U.S.C. § 794 because his condition substantially limits one or more of his major life

7  activities. Alternatively, Plaintiff is "otherwise qualified" within the meaning of 29

8  U.S.C. § 794.

9      47.    Despite Plaintiff's conveying his disability, Defendants, and each of

10 them, failed to provide plaintiff with "reasonable accommodation" within the

11 meaning of the Rehabilitation Act of 1973 in that despite Plaintiff's request for a

12 more reasonable work schedule, and other reasonable accommodations, Defendants'

13 failed to provide the same or make any reasonable effort to that end.

14     48. Plaintiff is further informed and believes, and on that basis alleges,

15 Plaintiff was discriminated, and wrongfully terminated, because of his request for a

16 reasonable accommodation in connection with his disability notwithstanding it

17 would not have impacted Metropolitan's business operations in any appreciable

18 manner. Defendants' acts and omissions, including but not limited to interrogating

19 and harassing him, constitute impermissible and unlawful conduct under applicable

20 California and federal laws.

21     49.    Defendants subjected Plaintiff to blatant and overt discrimination,

22 harassment and retaliatory conduct while carrying out its programming and

23 activities as alleged previously. Plaintiff is informed and believes, and on that basis

24 alleges, defendants discriminated and wrongfully terminated Plaintiff because of his

25 membership in various protected classes, including but not limited to his race

26 (Black), color, sex (male), national origin (African), and age (over 40), and

27 retaliated against for participating in protected activities.

28     50.    Plaintiff is informed and believes, and on that basis alleges, that unless

GUERRA LAW
A Proessional Law Corporation

13

FIRST AMENDED COMPLAINT

1  restrained and enjoined, Defendants will continue to commit unlawful and unfair

2  business practices and Plaintiff will be irreparably harmed. Plaintiff is entitled to

3  recover general and compensatory damages and statutory damages, the exact

4  amount to be proven at trial according to proof.

5      51.    As a direct and proximate result of Defendants', and each of them,

6  unlawful conduct, Plaintiff lost substantial benefits, including but not limited to

7  back pay, front pay, health benefits, in an amount in excess of $750,000, the exact

8  amount to be determined at trial according to proof.   Plaintiff is further entitled to

9  an award of any and all statutory damages, the exact amount to be proven at trial

10  according to proof.

11      52.    Defendants' conduct was undertaken with an intention to deprive

12  Plaintiff of his property or legal rights and/or to cause injury, and was despicable

13  conduct that subjected Plaintiff to unjust hardship in conscious disregard of his

14  rights, so as to justify the imposition of exemplary and punitive damages against

15  defendants.

16                    **SIXTH CAUSE OF ACTION**

17  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

18                       **(Against Metropolitan)**

19      53.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through

20  52 as though fully set forth herein.

21      54.    Plaintiff was employed by Defendants and was subsequently

22  terminated, without cause, which caused Plaintiff harm as alleged previously.

23      55.    Plaintiff is informed and believes, and on that basis alleges, defendants

24  systemically carried out its policies and practices, including acts and omissions

25  alleged herein, against Plaintiff for the sole reason he was a member of various

26  protected classes and in doing so violated numerous state and federal laws, public

27  policies, and provisions of California and Federal constitutions.  Plaintiff is further

28  informed and believes, and on that basis alleges, defendants, and each of them,

GUERRA LAW
A Professional Law Corporation

14

1 failed to mitigate the impact of their acts and omissions and failed to offer Plaintiff

2 options and alternatives to address any purported concerns as it made available to

3 Latino employees, including shift supervisors.

4     56. As a direct and proximate result of Defendants', and each of them,

5 unlawful conduct, Plaintiff lost substantial benefits, including but not limited to

6 back pay, front pay, health benefits, in an amount in excess of $750,000, the exact

7 amount to be determined at trial according to proof. Plaintiff is further entitled to

8 an award of any and all statutory damages, the exact amount to be proven at trial

9 according to proof.

10     57. Defendants' conduct was undertaken with an intention to deprive

11 Plaintiff of his property or legal rights and/or to cause injury, and was despicable

12 conduct that subjected Plaintiff to unjust hardship in conscious disregard of his

13 rights, so as to justify the imposition of exemplary and punitive damages against

14 defendants.

15                      **SEVENTH CAUSE OF ACTION**

16 **BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING**

17                        **(Against Metropolitan)**

18     58. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through

19 57 as though fully set forth herein.

20     59. As alleged previously, Plaintiff and Defendants entered into the subject

21 employment agreement, which bestowed on each of the parties the implied promises

22 not to unfairly interfere with the rights of the other parties to receive the benefits of

23 the contract and to act fairly and in good faith.

24     60. Plaintiff did all significant things under the agreement that were

25 required of him in order to cause Defendants, and each of them, to perform

26 thereunder as alleged previously.

27     61. Defendants, and each of them, failed to do a substantial majority of all

28 significant things required of them under the agreement, and were not legally

GUERRA LAW
A Proessional Law Corporation

15

FIRST AMENDED COMPLAINT

1  excused from the same, despite all conditions required for their performance

2  occurred.

3      62.    Defendants unfairly interfered with Plaintiff's rights to receive the

4  benefits under the agreement, and thereby caused Plaintiff harm by engaging in the

5  acts and omissions as alleged previously.

6      63.    As a direct and proximate result of Defendants', and each of them,

7  unlawful conduct, Plaintiff lost substantial benefits, including but not limited to

8  back pay, front pay, health benefits, in an amount in excess of $750,000, the exact

9  amount to be determined at trial according to proof.   Plaintiff is further entitled to

10  an award of any and all statutory damages, the exact amount to be proven at trial

11  according to proof.

12      64.    Defendants' conduct was undertaken with an intention to deprive

13  Plaintiff of his property or legal rights and/or to cause injury, and was despicable

14  conduct that subjected Plaintiff to unjust hardship in conscious disregard of his

15  rights, so as to justify the imposition of punitive damages.

16                    **EIGHTH CAUSE OF ACTION**

17                   **UNFAIR BUSINES PRACTICES**

18          **[*BUSINESS & PROFESSIONS CODE* § 17200 ET SEQ.]**

19                      **(Against Metropolitan)**

20      65.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through

21  64 as though fully set forth herein.

22      66.    Defendants' misconduct as alleges violates applicable sections of Title

23  VII, FEHA, Labor Code and other state and federal laws and public policies.

24      67.    Plaintiff is informed and believes, and on that basis alleges, each of the

25  Defendants' actions independently and collectively constitutes unlawful and unfair

26  business practices and including but not limited to the following manners:

27      (a)    Defendants represent to federal agencies it actively recruits and

28  maintains a diverse workforce in order to obtain federal contracts even though its

GUERRA LAW
A Proessional Law Corporation

16

FIRST AMENDED COMPLAINT

1  employment practices are not, and were never intended, to foster diversity and
2  merely a guise to obtain business;

3      (b)    Defendants' policy and practice of discriminating against employees
4  based on race, color, sex, age, disability, medical condition, marital status, and
5  sexual orientation;

6      (c)    Defendant's policy and practice of failing to take minimally reasonable
7  efforts to employ and utilize human resources protocol in treating all persons fairly
8  and equally without regard to their respective membership in protected classes; and

9      (d) Defendants, while maintaining a monopoly in their respective market in
10 the subject region, failed to exercise any minimal of due process and other means to
11 address the purported issues regarding Plaintiff's employment and instead blatantly
12 permitted overt discrimination of Plaintiff due to his membership in protected
13 classes.

14     68.    The misconduct as alleged herein was undertaken by Defendants with
15 the intent and effect of depriving employees, including Plaintiff, of the rights and
16 benefits afforded to them under California and federal law, including but not limited
17 to the right to be free from unlawful discrimination and/or harassment with regard to
18 employment,.

19     69.    Defendants' violations of State and federal labor and employment laws
20 constitutes unlawful and/or unfair business practices continually undertaken over a
21 significant period of time throughout the state of California and in a systematic
22 manner to the detriment of Defendants.

23     70.    As a direct foreseeable and proximate result of Defendants' acts and
24 omissions alleged herein, for many years preceding this action, Plaintiff has suffered
25 damages and Defendants have been unjustly enriched as a result of their unlawful
26 and/or unfair business practices.

27     71.    Plaintiff is informed and believes, and on that basis alleges, that unless
28 restrained and enjoined, Defendants will continue to commit unlawful and unfair

GUERRA LAW
A Proessional Law Corporation

17

FIRST AMENDED COMPLAINT

1 business practices and Plaintiff will be irreparably harmed.

## NINTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (Against All Defendants)

72.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 71 as though fully set forth herein.

73.    Defendants engaged in a number of behaviors that were outrageous and despicable, including but not limited to:

a. Informing other employees about Plaintiff's termination even before Plaintiff was notified of the same;

b. Interrogating Plaintiff in a closet-sized office without windows;

c. Communicating with Plaintiff in a combative, hostile, and inappropriate manner without a proper opportunity to respond;

d. Interrogating Plaintiff in a space with uncomfortable room temperatures;

e. Interrogating Plaintiff under conditions that posed a potential health risk;

f. Escorting Plaintiff from the premises to embarrass him in front of co-workers

g. Misleading Plaintiff by advising him an investigation would be conducted even though a proper investigation never occurred;

h. Misleading Plaintiff by informing him he could return to work and instead of doing so terminating him outright;

i. Engaging in the behaviors alleged herein even though there were no substantive issues with Plaintiff's performance.

74. The aforesaid acts were undertaken deliberately and intentionally designed to cause Plaintiff severe emotional distress.

75.  As a result of Defendants' discriminatory treatment and conduct, Plaintiff has suffered, and continues to suffer, extreme embarrassment, mental anguish, loss of sleep, loss of appetite, and exacerbated health conditions, among others.   As a

GUERRA LAW
A Proessional Law Corporation

18

FIRST AMENDED COMPLAINT

1  result of defendants' actions and inactions, Plaintiff suffered severe emotional

2  distress and sustained damages in a presently unknown sum to be determined at trial

3  according to proof.

4      76.    Defendants' conduct was undertaken with an intention to deprive

5  Plaintiff of his property or legal rights and/or to cause injury, and was despicable

6  conduct that subjected Plaintiff to unjust hardship in conscious disregard of his

7  rights, so as to justify the imposition of exemplary and punitive damages against

8  defendants.

9  **TENTH CAUSE OF ACTION**

10  **DECLARATORY RELIEF**

11  **(Against All Defendants)**

12      77.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through

13  76 as though fully set forth herein.

14      78.    An actual controversy has arisen between the parties in that Plaintiffs'

15  seek the relief sought through the claims asserted herein whereas, on information

16  and belief, defendants deny all of the same, including each of the allegations

17  asserted.

18      79.  A judicial declaration is necessary to clarify the scope and extent of the

19  parties' rights, duties, and obligations.

20  **PRAYER FOR RELIEF**

21  **PLAINTIFF PRAYS FOR A JUDGMENT AGAINST DEFENDANTS**

22  **AS FOLLOWS:**

23      1.    For general and special damages, including but not limited to lost

24  wages and benefits, lost future wages, emotional distress damages, and other

25  damages in excess of $750,000, or for a sum to be determined at trial according to

26  proof;

27      2.    For punitive damages in an amount in excess of $1.25 million dollars;

28      3.    For appropriate civil penalties for each of defendant's unlawful act

GUERRA LAW
A Proessional Law Corporation

19

FIRST AMENDED COMPLAINT

constituting a violation under *Business & Professions Code* Section 17200 et seq;

    4.    For injunctive relief, including a temporary, preliminary and permanent injunction;

    5.    For attorney's fees under applicable law;

    6.    For costs of suit incurred herein;

    7.    For prejudgment and post judgment interest; and

    8.    For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

Dated: February 13, 2012             GUERRA LAW
                                    A Professional Law Corporation

                              By:      *[signature]*

                                     JASON E. GUERRA
                                     Attorneys for Plaintiff
                                     Brian Sizemore

GUERRA LAW
A Proessional Law Corporation

FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 3233 E. Broadway, Long Beach, California 90803.

On February 13, 2012 I served the following document(s) described **FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

John L. Barber
Laura J. Anson
LEWIS BRISBOIS BISGAARD & SMITH LLP
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Facsimile (714) 850-1030
E-Mail lanson@lbbslaw.com


**X    By Mail:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**By Facsimile:** I caused such documents to be transmitted by facsimile on the date referenced above. The facsimile machine I used complied with *California Rules of Court Rule* 2003 (3) and the transmission was reported as complete and without error.

**By Electronic Service**: I caused the documents to be sent to the person(s) at the electronic notification addresses listed above.

**By Personal Delivery**: I caused the documents to be hand delivered to the person identified above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 13, 2012 at Long Beach, California.

Jason E. Guerra

PROOF OF SERVICE

1



EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 480-2011-02782 |

**California Department Of Fair Employment & Housing** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Brian Sizemore** | **(562) 965-4648** | **12-25-1970** |

Street Address — City, State and ZIP Code

**2315 Holgate Square, Los Angeles, CA 90031**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **METROPOLITAN INTERPRETERS AND TRANS** | **201 - 500** | **(213) 673-4710** |

Street Address — City, State and ZIP Code

**412 W Broadway, Ste 214,  Glendale, CA 91204**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | AUG 11 | |

Street Address — City, State and ZIP Code

AUG 11 2011

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **06-21-2011** | **06-30-2011** |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☒ COLOR   ☒ SEX   ☒ RELIGION   ☒ NATIONAL ORIGIN

☒ RETALIATION   ☒ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.   I was hired by Metropolitan Interpreters & Translator on or about Jun 2007 as Shift Supervisor. I informed my employer of my disability in about October 2010 and requested accommodation in about February 2011. On or about 6/21/11, I was suspended. On or about 7/2/11, I was discharged.

II.   Monica Leu, Senior Supervisor, told me that I was suspended for being disrespectful. Joe Citrano, Vice President, said I was terminated for disregarding the company's time keeping policy.

III.   I believe I have been discriminated against because of my race (Black), color, sex (male), religion (Jehovah's Witness), national origin (African), disability, and age (40) and retaliated against for the participating in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended; the Americans with Disabilities Act of 1990, as amended; and the Age Discrimination in Employment Act of 1967, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Aug 11, 2011**          *Charging Party Signature*  <br> Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  **Brian Sizemore**
2315 Holgate Square
Los Angeles, CA 90031

From:  **Los Angeles District Office**
255 E. Temple St. 4th
Los Angeles, CA 90012

☐  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2011-02782 | **LaTayna X. Valentine,**<br>**Intake Supervisor** | **(213) 894-1090** |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐  More than 180 days have passed since the filing of this charge.

☒  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Olophius E. Perry,_
**Olophius E. Perry,**
**District Director**

8/24/2011
(Date Mailed)

Enclosures(s)

cc:  **Lee Lambier**
**Human Resource Manager**
**Metropolitan Interpreters And Translators, Inc**
**110 E 42nd Street # 802**
**New York, NY 10017**

Jason E. Guerra
3233 E Broadway
Long Beach, CA 90803

EXHIBIT B



STATE OF CALIFORNIA | BTH | Human Services Agency                    EDMUND G. BROWN, JR., Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive | Suite 100 | Elk Grove | CA 95758-7115
(916) 478-7251 | TTY (800) 700-2320 | Videophone for the DEAF (916) 226-5285 | Fax (916) 478-7329
www.dfeh.ca.gov

PHYLLIS W. CHENG, Director

Mr. Lee Lambier
Human Resource Manager
Metropolitan Interpreters And Translators, Inc
110 E. 42nd Street, #802
New York, NY 10017

EEOC Number:
    480-2011-02782
Case Name:
    Brian Sizemore
Date: 8/11/2011

### NOTICE TO COMPLAINANT AND RESPONDENT

| | |
|---|---|
| ☐<br>**H** | 4800 Stockdale Hwy., Suite 215<br>Bakersfield, CA 93309<br>(661) 395-2729 |
| ☐<br>**M** | Bay Area Regional Office<br>1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2941 |
| ☐<br>**C** | 1277 Alluvial Avenue, Suite 101<br>Fresno, CA 93720<br>(559) 244-4760 |
| ☐<br>**R/S** | 1055 West Seventh Street,<br>Suite 1400<br>Los Angeles, CA 90017<br>(213) 439-6799 |
| ☐<br>**E** | Sacramento District Office<br>2218 Kausen Drive, Suite 100<br>Elk Grove, CA 95758<br>(916) 478-7230 |
| ☐<br>**G** | 2570 North First Street, Suite 480<br>San Jose, CA 95131<br>(408) 325-0344 |

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember</u>: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

TIMOTHY M. MUSCAT
Chief of Enforcement

DFEH-200-02 (01/11)